UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MONICA H. HUJAZI,<br><br>　　　　Plaintiff/Appellant. | Case No. 21-cv-00691-EMC<br><br>**ORDER GRANTING TRUSTEE'S MOTION TO DISMISS**<br><br>Docket No. 8 |

　　　　Appellant Monica H. Hujazi initiated this appeal from an order issued by the bankruptcy court[1] in January 2021. In the order, the bankruptcy court approved the fourth application for interim compensation and expenses filed by Dentons US LLP ("Dentons"), counsel for the bankruptcy trustee. Ms. Hujazi argues that the order should be vacated because the fees are excessive and/or otherwise unjustified. The trustee disputes such. However, as an initial matter, the trustee contends that the Court should not entertain Ms. Hujazi's appeal because she is appealing an interlocutory order. The Court agrees with the trustee and therefore **GRANTS** her motion to dismiss.

　　　　There is no dispute that the bankruptcy court order addressed interim compensation (specifically, for the period October 1, 2019, through October 31, 2020). Interim compensation is governed by 11 U.S.C. § 331, which provides as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for

---

[1] The bankruptcy court case number is No. 13-30477 HLB (Bankr. N.D. Cal.).

> such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331. "The limited purpose of this statute is to provide financial relief to court-appointed officers engaged in protracted bankruptcy litigation, so that these officers do not have to wait for what may be years before receiving compensation." *In re Strand*, 375 F.3d 854, 858 (9th Cir. 2004); *see also In re Evangeline Ref. Co.*, 890 F.2d 1312, 1321 (5th Cir. 1989) (stating that "[t]he purpose of interim compensation is to alleviate economic hardships that would otherwise visit court appointed officers committed to finance extended engagements").

In *Strand*, the Ninth Circuit expressly noted that an award of interim fees is an interlocutory order. The court stated explained that

> [t]he relief afforded under § 331 . . . in no way restricts the bankruptcy court's ability to craft a final award under § 330. "Because interim awards are interlocutory and often require future adjustments, they are 'always subject to the court's reexamination and adjustment during the course of the case.'" *In re Evangeline Ref. Co.*, 890 F.2d at 1321 (quoting 2 Collier on Bankruptcy P 331.03 (15th ed.)); *see also In re Taxman Clothing Co.*, 49 F.3d 310, 314 (7th Cir. 1995) ("All awards of interim compensation are tentative, hence reviewable – and revisable – at the end of the case."); *Callister v. Ingersoll Rand Fin. Corp. (In re Callister)*, 673 F.2d 305, 306 (10th Cir. 1982) ("[Section 331] anticipates repeated application to the court for reimbursement and compensation, subjecting the award to amendment or modification at any time during the pendency of the bankruptcy proceedings.").

*Strand*, 375 F.3d at 858. *Compare In re Yermakov*, 718 F.2d 1465, 1469 (9th Cir. 1983) (agreeing with the parties that a bankruptcy court order was final, and not interlocutory, as to the fees of two attorneys – and hence appealable – because the attorneys had been discharged from further representation of the debtors prior to entry of the bankruptcy court's fee order; noting that there was no "possibility that [the attorneys] could be granted additional fee requests").

In light of *Strand*, the bankruptcy court at issue in the instant case must be deemed an interlocutory order, not a final order. Ms. Hujazi's arguments to the contrary are not persuasive. For example, Ms. Hujazi suggests that an award of interim compensation is an interlocutory order only when a bankruptcy court grants interim compensation but does not actually order the

1  disbursement of those fees. But § 331 above clearly refers to disbursement. Furthermore, the

2  purpose underlying § 331 clearly contemplates disbursement (*i.e.*, to alleviate economic hardship).

3  Finally, case law indicates that simply because funds are disbursed to an attorney does not mean

4  that they cannot be ordered returned. *See, e.g.*, *In re Lytton's*, 832 F.2d 395, 401 (7th Cir. 1987)

5  (noting that bankruptcy court authorized an advance of $100,000 from the debtor's estate for an

6  attorney's expenses and costs; "[t]he bankruptcy court has the power to order [the attorney] to

7  return any money advanced"). To the extent Ms. Hujazi argues that some of the cases cited by the

8  trustee are distinguishable because they involve appeals to the Ninth Circuit, and not to a district

9  court, that is true. However, she has failed to explain how that is a material distinction.

10  Moreover, Ms. Hujzai fails to cite to any authority where a court has held that an interim award

11  issued by a bankruptcy court should be deemed a final order.

12      Because the bankruptcy court order at issue is an interlocutory order, this Court has

13  discretion on whether it should hear Ms. Hujazi's interlocutory appeal. *See In re City of Desert

14  Hot Springs*, 339 F.3d 782, 787 (9th Cir. 2003); *see also* 28 U.S.C. § 158(a)(3) (providing that a

15  district court has jurisdiction to hear appeals, "with leave of the court, from other interlocutory

16  orders and decrees"). "Leave under section 158(a)(3) is granted where the factors of 28 U.S.C.

17  1292(b) are met. Namely, where the underlying order 'involves a controlling question of law as to

18  which there is substantial ground for difference of opinion and that an immediate appeal from the

19  order may materially advance the ultimate termination of the litigation.'" *In re Gabriel Techs.

20  Corp.*, No. 13-cv-03061-WHO, 2013 U.S. Dist. LEXIS 125007, at *14 (N.D. Cal. Aug. 30, 2013);

21  *see also In re Bondanelli*, No. CV 16-3004 FMO, 2016 U.S. Dist. LEXIS 69422, at *6 (C.D. Cal.

22  May 26, 2016) (stating that, "'[t]o determine when leave should be granted to appeal an

23  interlocutory order under 28 U.S.C. § 158(a)(3), courts generally borrow the standards of 28

24  U.S.C. § 1292(b), which provides for discretionary review by circuit courts of certain interlocutory

25  district court orders'"). Ms. Hujazi has failed to demonstrate that these factors have been satisfied

26  in the instant case. For example, she has not identified a controlling question of law. *See, e.g.*,

27  *United States v. Soong*, No. C-13-4088 EMC, 2014 U.S. Dist. LEXIS 30874, at *4 (N.D. Cal.

28  Mar. 10, 2014) (in discussing § 1292(b), noting that, "[w]here a party simply asserts that there has

1 been a misapplication of law to the facts, § 1292(b) does not provide for relief"). Also, it is far
2 from clear how an order on attorney's fees – largely a collateral matter – could materially advance
3 the ultimate termination of a bankruptcy proceeding.

Accordingly, the Court hereby grants the trustee's motion to dismiss Ms. Hujazi's appeal of the bankruptcy court order on interim fees. The Clerk of the Court is ordered to close the file in this case.

This order disposes of Docket No. 8.

**IT IS SO ORDERED**.

Dated: July 15, 2021

_____
EDWARD M. CHEN
United States District Judge